IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN LOUIS RUTLEDGE, # 242515, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:13cv785-TMH |
| | ) | (WO) |
| LUTHER STRANGE, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus by a person in state custody, *see* 28 U.S.C. § 2254, filed by Alabama inmate Jonathan Louis Rutledge ("Rutledge") on October 21, 2013.  (Doc. No. 1.)  Rutledge challenges the conviction for  second-degree arson entered against him by the Circuit Court of Barbour County in August 2005.  That court sentenced Rutledge on August 17, 2005, to a term of 20 years in prison.

**II.   DISCUSSION**

The records of this court indicate that Rutledge has filed a previous petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging the conviction for second-degree arson entered against him in 2005 by the Circuit Court of Barbour County.  *See Rutledge v. Neilsen, et al.*, Civil Action No. 2:10cv242-TMH (M.D. Ala. 2012).  In that previous habeas action, this court denied Rutledge relief from his Barbour County conviction because his petition for habeas corpus relief was not filed within the one-year limitation period contained in 28 U.S.C. § 2244(d).  (*See id.*, Doc. Nos. 110, 112, and 113.)

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1]  28 U.S.C. § 2244(b)(3)(B) and (C).

The dismissal of a § 2254 petition for tardiness under § 2244(d) qualifies as an adjudication

---

[1] Section 2244(b)(1) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

    (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

on the merits for purposes of successive-petition rules and renders future challenges to the same conviction under § 2254 "second or successive" and subject to the requirements of § 2244(b)(1) through (4). *Murray v. Greiner*, 394 F.3d 78. 79 (2d Cir. 2005); *see also, e.g., Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

It does not appear from the pleadings filed in this action that Rutledge has received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for federal habeas relief.  "Because this undertaking [is a successive] habeas corpus petition and because [Rutledge] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed. *Id*. at 934.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  The petition for writ of habeas corpus filed by Rutledge be DENIED.

2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Rutledge has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive habeas application.

It is further

ORDERED that on or before April 10, 2014, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general

objections will not be considered by the District Court.   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 27th day of March, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

4